CITY OF BAY ST. LOUIS *v.* CUMBERLAND TELEPHONE & TELEGRAPH CO.*

(Division B.   Nov. 2, 1925.)

[105 So. 741.   No. 25071.]

1. LEVEES AND FLOOD CONTROL. *Map showing location and extent of sea wall improvement district sufficient notice to property owners though not named.*

   Where an amendment to the charter of a city operating under a special charter provides that, where the city undertakes to construct a sea wall, notice shall be given by publication in a newspaper, directed to the property owners, showing the location and character of the improvement proposed with notice of the time and place of the meeting of the board of mayor and aldermen at which such board of mayor and aldermen will hear objections to the proposed improvement, it is not necessary that the maps and plans shall show the names of the owners of property, but should show the location and extent of the improvement district; and the owners of such property are thereby charged with notice sufficient to bind them as to the necessity of such improvement district.

2. LEVEES AND FLOOD CONTROL. *Poles, wires, arms, guy poles, and stays of telephone and telegraph company constituting pole line held subject to special assessment for special benefits.*

(1)

The poles, wires, arms, guy poles, and stays of a telephone and telegraph company constituting its pole line are subject to special assessment for special benefits; being fixtures attached permanently to the real estate embraced in such improvement district and benefited thereby.

*Headnotes 1. Levees and Flood Control, 36 C. J., Section 30 (Anno); 2. Levees and Flood Control, 36 C. J., Section 57 (Anno).

APPEAL from circuit court of Hancock county.

HON. D. M. GRAHAM, Judge.

Proceeding by the Cumberland Telephone & Telegraph Company to resist a special improvement assessment by the city of Bay St. Louis, tried on an agreed statement of facts. From a judgment in favor of the company, the city appeals. Reversed and remanded.

*R. L. Genin* and *Rex & Waller,* for appellant.

The appellee appealed from the city assessment for sea wall taxes made by the board of mayor and aldermen. The circuit court held that this tax was void because no legal notice of said special assessment or betterment tax was given to the appellee.

In the notice to the property holders within the area, it was not necessary to give the name of the kind of property to the appellee, if his property was within the area of territory. It has been repeatedly held by this court that in sidewalk notices by publication, within certain boundaries of streets named, the property within the area received a sufficient notice of the work intended, and that it was included within those boundaries, even though the description of the property was not specifically set out. *Nugent et al.* v. *City of Jackson,* 18 So. 493; *Edwards House* v. *City of Jackson,* 45 So. 1. The notice in this case after describing the territory and lot numbers, included streets, avenues and alleys.

The wording of the charter of the city of Bay St. Louis is similar to the sidewalk notices. Other courts

have repeatedly stated that accurate description is not required. 1901-1913 Ann. Cyc., page 1725; 14 Cyc. 1030; 9 R. C. L., page 634; Ann. Cas. 1915 C, page 31; *State* v. *Polk County,* 87 Minn. 325; 92 N. W. 216; 60 L. R. A. 161 and 185, with note.

The appellee is trying to do the very thing held objectionable and wrong by our supreme court. The poles, lines and equipment of the telephone company were placed by them in several advantageous places behind the wall, seeing and knowing the work was progressing, and that their property was being benefited; and when now asked to contribute their share, they plead want of notice of the protection and construction of the wall.

II.   It is also contended that because the property assessed is telephone poles, lines and fixtures, this character of property is not such property upon which a sea wall tax can be levied by the city.

It is admitted that appellee's property is benefited by the construction of the sea wall. The city charter is plain and the legislation unquestionably intended that all property of every kind benefited by the sea wall be assessed to pay its just proportion of the cost of the improvement. See sec. 6, of the charter; *Edwards Hotel and City R. Co.* v. *City of Jackson,* 51 So. 806; *Atlantic Coast Line R. Co.* v. *Gainsville,* 91 So. 118.

We submit that the full legal requirements have been met by the city and that this court should reverse the judgment of the lower court and render judgment here.

*Mize & Mize,* for appellees.

It is elementary law that where a statute provides a scheme for any kind of improvement, that all the requisites of said statute must be complied with. The rule is the same in the case of charters. This case as controlled by *City of Jackson* v. *Tucker,* 101 So. 689; 28 Cye. 1134, par. E, 28 Cyc. 980, par. 11.

If the charter did not give the city the power to tax property, then they had no such power. It was the intention of the charter to tax only land located within the area of the sea wall, as is shown by the language in the charter.

Reading the charter as a whole, it will be seen that they had the power to lay this tax only on land in the sea wall district, and we insist that before a district could be adopted, notice had to be given of the filing of plans, specifications and maps containing the land and a description of it and the owner, as shown by the assessment, for the purpose of giving the owner therein located an opportunity to object to the sea wall. This notice was not given to the Cumberland Telephone Co., although given to all the landowners in the sea wall district.

The decision of the lower court was correct (1) because under the special charter authorizing the building of the sea wall by the bond commission and mayor and board of aldermen, they had no authority to tax anything but land within the area; and (2) because the charter provided that the plans and specifications and maps and blue prints to be filed with the board should contain a description of the land and the names of the owners of such land within the area of the sea wall, and the plans and specifications so filed did not mention the name of the Cumberland Telephone & Telegraph Co.; and (3) because the required notice was not given on the assumption that the Cumberland Telephone & Telegraph Co. owned no land within the area of the sea wall, and it necessarily follows that it cannot be taxed.

ETHRIDGE, J., delivered the opinion of the court.

The city of Bay St. Louis adopted an amendment to its charter authorizing it to construct a sea wall. In section 2 of this charter amendment it is provided that, if the city undertake to construct a sea wall, it should refer the matter to the bond commission of the city, and that the bond commission shall employ a competent civil engineer

to make an examination of the lines of the proposed sea wall, and to prepare detail plans and specifications, accompanied by a blueprint showing the location of the sea wall, and the character of the material to be used, and the height above and the depths below sea level, etc., and that such report should be filed with the city. Section 3 of this charter amendment provides that, when the plans and specifications and estimates have been filed for public inspection and received by the board of mayor and aldermen, notice shall be given by two weeks' publication in a newspaper published in the city of such filing, and the time and place where said plans, specifications, and estimates may be inspected by all property owners affected. Said notice shall be directed to property owners as appears from said map, plats, etc., and set out the property to be protected by the proposed sea wall, as shown by said plans, describing said property, by lot numbers or districts or boundaries or other descriptions, in as large an area as possible. The notice shall give the time and place of the meeting of the board of mayor and aldermen for the hearing of objections, if any, to the kind, character, necessity, or location of said proposed sea wall. After the hearing of objections, if any, the board of mayor and aldermen shall reject, amend, or adopt the plans and specifications and estimates, and from such finding any one aggrieved may take a bill of exceptions and appeal to the circuit court as provided for by the general law of the state. It is further provided that, after such hearing and adoption, the bond commission of the city shall make an assessment of the benefits against the property specially benefited, and provides for the plan of assessment.

The case was tried on an agreed statement of facts, from which it appears that the property of the Cumberland Telephone & Telegraph Company, at the time of the adoption of the plans and specifications, lay partly within the district and partly without the district, and that subsequently the poles which lay outside of the district

were moved inside of the district. The Cumberland Telephone & Telegraph Company was assessed by the city authorities upon its pole lines, consisting of poles, arms, and wires, constituting its physical equipment. There was no specific naming of the Cumberland Telephone & Telegraph Company in the publication made under the city charter amendment above referred to, giving notice of the plans and specifications, etc., but such notice was published, giving a general description of the property embraced in the sea wall district by proper descriptions. The Cumberland Telephone & Telegraph Company was later assessed for the special benefit, and due notice given to it of such assessment, and said company appeared and protested against this assessment on the ground that its property was not such property as was assessable or subject to assessment for benefits, and, second, because it was not given specific notice that its line would be assessed for benefits by the published notice. It is contended that the Cumberland Telephone & Telegraph Company should have been specifically named as a party to be benefited by the construction of the sea wall, or that its pole lines should have been specifically mentioned in such way as to give specific notice that it would be benefited. It is contended that the pole lines are not real estate or land and therefore not subject to such assessment. The judgment of the court below was in accordance with the contentions of the Cumberland Telephone & Telegraph Company, and judgment was entered denying the assessment.

We do not think the charter amendment called for the original maps, plans, and specifications to show the names of the individuals who owned the property. The description of the property would be a sufficient notice to the owner under this section for notice of the adoption of the plans and specifications, and the owner could inspect the plans and specifications and maps and tell whether its property was within the sea wall district, and, if such property owner opposed the plan, he would

have the right to appear and protest against the adoption of the sea wall district improvement.  There is no question of the second notice being sufficient and whether the property would be specially benefited or not would be determined on this hearing.  In our opinion the pole lines of the Cumberland Telephone & Telegraph Company are properly subject to be assessed for benefits.  The poles are planted in the real estate or land, and constitute a part of the real estate, being permanent fixtures, and the company having a right in the land as such to support its poles and guy wires, stays, etc., constituting its physical equipment.

We are therefore of the opinion that the judgment of the court below was erroneous, and the judgment will be reversed, and the cause remanded.

*Reversed and remanded.*